COOK v. HAWKINS.

Decided April 18, 1891.

| 54 | 423 |
| 64 | 37 |

*Evidence — Custom.*

Evidence of a custom is inadmissible to vary the express terms of a contract; where a contract to build a house called for three-coat plastering, it is inadmissible to show, in an action for the balance due on the contract, that it is the custom of plasterers in that vicinity to slight their work and do two-coat plastering.

APPEAL from *Miller* Circuit Court.

CHARLES E. MITCHEL, Judge.

*W. H. Arnold* for appellant.

The court erred in admitting testimony as to the custom of plasterers in Texarkana. Evidence of a custom or usage is inadmissible to vary or control the legal effect of a written instrument, or contradict its terms. 45 Am. Rep., 51; 16 N. Y., 392; 34 *id.*, 417; 44 *id.*, 495; 51 *id.*, 431; 54 *id.*, 353; 55 *id.*, 200; Wood's Pr. Ev., 145–7; 10 Wall., 383; 13 *id.*, 363; Gr. Ev., sec. 295.

HUGHES, J. Appellee sued appellant for balance due on contract to build a house and for extra labor, and obtained judgment, from which this appeal is taken. Appellant denied liability, and contended that appellee failed to do the work according to contract, whereby he was damaged and offered to recoup. The contract called for good three-coat plastering on the walls and ceiling of the building. The evidence tended to show that the plastering was not three-coat work, but what is called "drawn work," which was two-coat work. Over the objection of defendant, the plaintiff was permitted to show by evidence that "very little three-

Evidence of custom to vary contract.

coat plastering is ever done in Texarkana" (where the house was erected), and that "it is the custom of most plasterers here (there) to slight their work and do 'drawn work,' when three-coat work is contracted for."

This was not competent evidence. The contract called for three-coat work. The fact that plasterers were in the habit of slighting their work and violating their contracts by doing "drawn work," when three-coat work was contracted for, could not excuse the violation of such a contract. For the error in permitting this testimony to go to the jury, the judgment is reversed, and the cause remanded for a new trial.