## MUSE *v.* EASTHAM.

### Opinion delivered December 22, 1919.

1. APPEAL AND ERROR—CONTRACT NOT SET OUT IN RECORD.—Where a written contract, whereby defendant furnished logs to plaintiff who sold the lumber output to defendant, is not in the record, the court on appeal. must assume that the contract fixed the rights of the parties with respect to inspections at the place of delivery and as to the price and terms of sales.

2. CUSTOMS AND USAGES—VARYING CONTRACT.—Where a written contract fixes the rights of parties, the contract can not be varied by proof of a custom of the trade.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*Beloate & Anderson,* for appellant.

The consideration of a contract is always open to explanation by parol evidence. **26 Ark. 451.**

The contract provided for inspection at Sedgwick, but where had at destination the *custom* of the trade was admissible in evidence, and the court erred in ruling out the proof of the custom of the trade. 89 Ark. 591; 106 *Id.* 410; 85 *Id.* 568; 81 *Id.* 560; 69 *Id.* 318.

*Smith & Gibson,* for appellee.

1. The abstract of appellant is insufficient, and the appeal should be dismissed.

2. Appellant asked no instructions, and his objections to those given for appellee were general, and he requested no change in any of them. 136 Ark. 175; 102 *Id.* 460; 82 *Id.* 603. The verdict is responsive to the issue and is conclusive.

McCulloch, C. J. Appellee sued appellant on account for the sum of $297. The account grew out of a contract between the parties whereby appellant furnished logs to appellee at the latter's saw mill for a certain stipulated price, and appellee sold and delivered the lumber output of the mill to appellant at a stipulated price.

According to the testimony adduced by appellee, the lumber was delivered on board of cars at the mill, consigned by bill of lading to appellant, according to appellant's orders, to its designated consignee. Of this disputed account the sum of $197 was for deductions made for culls at the point of destination of the first cars shipped. The remainder of the account was for deduction of 2 per centum on all the bills claimed by appellant in accordance with an alleged custom of the lumber trade. Appellee testified that when he was ready to ship the first cars appellant instructed him to inspect the lumber himself and that appellant would accept his grading. Appellant denied that he agreed to accept appellee's inspection and offered to prove that it was customary in the lumber trade to charge back for culls rejected at the destination of the shipment. The court excluded the testimony as to custom of the trade. There was no proof adduced by appellant showing that the culls were rightfully rejected, but he contented himself with proof that his vendee had made a return of the rejections.

Appellant also offered to prove a custom of the trade to deduct 2 per centum on payment of bills within ten days. The court excluded the testimony.

There was a contract between the parties, but it is not in the record as abstracted, and we must assume that the contract fixed the rights of the parties with respect to inspections at the place of delivery, and as to the price and terms of the sales of lumber. If so, those features of the contract could not be varied by proof of trade customs. *Cook* v. *Hawkins*, 54 Ark. 423; *Paepcke-Leicht Lumber Co.* v. *Talley*, 106 Ark. 400.

If there was any ambiguity in the written contract, it does not appear in the abstracts of the record.

Judgment affirmed.