SOUTHERN COAL COMPANY *v.* SEARCY TRANSFER COMPANY.

Opinion delivered March 13, 1922.

1. CUSTOMS AND USAGES—APPLICATION TO CONTRACT.—Usages and customs of trade cannot be invoked to defeat the express terms of a written contract, being applicable only where the contract is silent or where its terms are ambiguous.

2. CONTRACTS—WAIVER OF STIPULATION.—A prior course of conduct between the parties to a contract under similar contracts cannot be invoked as a waiver of an express and unambiguous stipulation in a new contract.

3. SALES—RIGHT TO RESCIND—WAIVER—INSTRUCTION.—Where an acceptance of an order for coal stipulated that failure of the purchaser to make payments under this or any other contract would authorize the seller to cancel the contract, an instruction to the effect that, if the seller had waived similar provisions in other contracts with the purchaser, this would be a waiver of the right to cancel, was erroneous, especially where the purchaser was expressly notified that such stipulation would be insisted upon.

4. SALES—RIGHT OF CANCELLATION—NOTICE.—Where a contract for sale of coal provided that the seller could cancel if the buyer failed to make payment under the contract or to make other payments to the seller, no notice demanding payment of a past-due account was necessary before cancellation.

Appeal from White Circuit Court, *J. M. Jackson*, Judge; reversed.

*W. D. Davenport,* for appellant.

One cannot insist upon performance of a contract when he is in default himself. 88 Ark. 497; 88 Ark. 422.

The court erred in modifying instruction No. 3, on the question of waiver of payment. 77 Ark. 508.

*Brundidge & Neelly,* for appellee.

In view of the fact that plaintiff had been shipping coal to the defendant for more than a year, and had never insisted upon compliance with the conditions on the back of the contract, defendant was certainly entitled to notice of the intent to enforce them at this time, in order that it might protect itself from a rise in the market. 83 Ark. 553; 45 Ark. 37; 33 Ark. 465.

McCULLOCH, C. J.    Appellant instituted this action against appellee before a justice of the peace of White County to recover the sum of $237.98, balance due on account for shipments of coal. Appellant is engaged in the wholesale coal business at Memphis, Tenn., and appellee is engaged in the retail trade at Searcy.

Appellee admits the correctness of appellant's account, and that there is a balance due on the account in the sum claimed by appellant, but appellee filed a counterclaim for damages for alleged breach of a subsequent contract for the sale and future delivery of three carloads of coal. Appellee claims $288.91 as damages for the alleged breach of contract.

The cause was tried in the circuit court on appeal from the justice of the peace, and the trial resulted in a verdict in favor of appellee, awarding damages for a small sum in excess of the amount due appellant on its account.

The contract for the sale of the three carloads of coal was in writing, and the price and terms were stated in detail. The contract was entered into on March 18, 1920, and it was stipulated therein that the cars were to be shipped on June 1st, 10th and 20th from the mines

in Kentucky. The contract, which was in the form of an accepted order for the three carloads of coal, contained a stipulation that if the purchaser should fail to make payments under the contract when due, or should fail to make any other payments to the seller, then the latter should have the right to cancel the contract.

At the time this contract was entered into, appellee owed appellant about $1,100, but prior to the date for the beginning of the shipments under the new contract, appellee paid the account down to the amount now claimed by appellant. This amount was due under prior contracts similar in form to the one now under consideration for the shipment of coal. Appellant refused to begin shipments under the new contract, and appellee withheld payment of the balance to cover its damages for the alleged breach of the contract of sale.

There was testimony to the effect that the price of coal advanced between the date of the last order and the time for the shipments thereunder, and appellee was compelled to go into the market and buy coal at the advanced price. Mr. Smith, owner and manager of appellee's business, testified that he held this sum back to protect himself on the last order.

There was also testimony to the effect that, in the dealings between the parties under former similar contracts, appellants had been accustomed to make shipments, regardless of the non-payment of past-due accounts. Appellant's agent who obtained the order from appellee testified that at the time the order was taken he called the attention of appellee to the past-due account and notified him that shipments would not be made under the new contract unless the old account was paid. This is denied by Mr. Smith, witness for appellee, with whom the contract was made.

The court, over appellant's objection, gave an instruction telling the jury, in substance, that under the stipulation in the contract with respect to payments appellant had a right to refuse to deliver the coal unless the stipulation was waived, but that, if "the plaintiff had

been shipping coal to the defendant company for a number of months and allowed him to make payments and extended credit to the defendant, then you are instructed that that constituted a waiver of the clause in the contract for the purchase of the coal."

This instruction was erroneous and calls for a reversal of the judgment. In the first place, it is erroneous because it tells the jury, in effect, that the prior custom of making shipments would constitute a waiver of the stipulation in the new contract, regardless of the notice which appellant's agent testified that he gave to appellee at the time of the purchase that shipments would not be made unless the past-due account should be paid. If the prior transactions between the parties would constitute a waiver under any circumstances, they would not do so in the face of positive notice from appellant's agent that that feature of the contract would be insisted upon. There could be no waiver in the face of positive notice that the stipulations of the new contract would be insisted upon. But the objection to this instruction goes even further than that, for we are of the opinion that, even without express notice, the shipments made under prior contract would not constitute a waiver of the positive stipulation in the new contract. Nor would the course of conduct between the parties with respect to dealings under prior contracts annul the effect of the stipulation in the new contract.

It is the settled rule of law in this court that usages and customs of trade cannot be invoked to defeat the express terms of a written contract, and that such usages and customs are only applicable where the contract is silent or where its terms are ambiguous. *Cook* v. *Hawkins,* 54 Ark. 423; *Paepcke-Leicht Lbr. Co.* v. *Talley,* 106 Ark. 400; *Burton* v. *Wilson,* 135 Ark. 269; *Muse* v. *Eastham.* 141 Ark. 295.

For the same reason prior course of conduct between the parties under similar contracts cannot be invoked as a waiver of an express and unambiguous stipulation in the new contract. *Citizens' Natl. Life Ins. Co.* v. *Morris,*

104 Ark. 288; *Robnett* v. *Cotton States Life Ins. Co.,* 148 Ark. 199. Regardless of the prior course of conduct between the parties, they had the right to make their own terms under a new contract, and neither general customs of trade nor the prior course of conduct of the parties themselves can serve to defeat the plain letter of the new contract.

Counsel for appellee insist that appellant should not be permitted to declare a forfeiture and refuse to ship under the contract without giving notice and demanding payment of the past-due account, and they cite the case of *Little Rock Cooperage Co.* v. *Lanier,* 83 Ark. 548, and other cases to support their contention. Those cases, however, related to successive payments due under a single contract, and have no application to the present case, where damages are claimed for the breach of a new and independent contract. The stipulation in the contract was of itself notice to the purchaser that he would have to pay his prior account before shipments could be demanded under the new contract, and it is admitted that appellee not only did not make the payments, but refused to do so in order to protect himself under the new contract for damages which might arise by reason of the failure of appellant to make shipment.

We are of the opinion, therefore, that, according to the undisputed evidence, appellant had the right to refuse performance of the last contract for the sale of three carloads of coal.

The judgment will therefore be reversed, and judgment will be entered here in favor of appellant for the amount of its account against appellee, with interest.