LINDSEY v. PIERCE PETROLEUM CORPORATION.

Opinion delivered May 26, 1930.

*Oliver & Oliver,* for appellant.
*Louis M. Cohn,* for appellee.

HUMPHREYS, J. Appellant brought suit in the circuit court of Clay County, Western District, against appellee to recover $185 for commissions alleged to be due him on account of the sale of appellee's commodities and products consisting of gasoline, oil, etc., in the territory of Corning under written contract; and for $2,800 damages resulting from the alleged breach of an implied term of the contract binding appellee to promptly meet competitive prices of other major companies selling like commodities or products, or both, in the same territory.

The material allegations of the complaint were controverted, and the cause was transferred by agreement of the parties from the circuit to the chancery court for

trial, which resulted in a decree in favor of appellant for $103.14 on account of commissions due from sales of appellee's commodities, and against him for damages on account of the alleged breach of the contract, from which is this appeal.

Testimony was introduced by appellant tending to sustain the amount of his claim for commissions for selling the commodities and products of appellee, and, over the objection and exception of appellee, tending to show that a custom prevailed in the Corning district for all major companies selling commodities and products therein, to promptly meet competitive prices, and that, on account of appellee's failure to promptly do so, appellant sustained losses in commissions exceeding the amount sued for. Appellee introduced the written contract between appellant and itself which contained the following provision:

"It is further understood and agreed that the agent shall be authorized to sell commodities herein named only upon such conditions and terms as may be from time to time specified to him by the corporation."

The testimony of the custom existing between the major companies doing business in the Corning district relating to competitive prices and damages resulting to appellant on account of the failure of appellee to promptly meet competitive prices was properly excluded from consideration in the rendition of the decree by the trial court, as proof of the custom varied the terms of the written contract quoted above. Usages and customs of trade cannot be heard to contradict the terms of a written contract. This court said in the recent case of *Southern Coal Co.* v. *Searcy Transfer Co.*, 152 Ark. 471, 238 S. W. 624: "It is the settled rule of law in this State that usages and customs of trade cannot be invoked to defeat the express terms of a written contract, and that such usages and customs are only applicable where the contract is silent or where its terms are ambiguous."

A reversal of the decree is also sought because the court deducted two items representing shortage in stock

when same was checked by the auditor on February 10, 1927, from the amount due him as commissioner at the time. When the auditor checked the amount on hand, there appeared to be a shortage, and appellant acknowledged in writing his indebtedness to appellee on account of these two items, but in the trial of the cause undertook to show that the shortage was due to leakage of appellee's gas tanks. The proof was not definite or certain as to the amount of leakage, so we cannot say that the trial court erred in allowing these items as an offset against appellant's claim for commissions.

No error appearing, the decree is affirmed.