ARKANSAS POWER & LIGHT COMPANY *v.* THOMPSON.

4-3932

Opinion delivered June 24, 1935.

172

*Brundidge & Neelly,* for appellant.
*W. J. Dungan,* for appellees.

HUMPHREYS, J. This suit was brought in the circuit court of Woodruff County by appellant against appellees to recover $871.15 for electrical energy appellees agreed to purchase from it to operate the cotton gin they owned and ran in the town of McCrory during the cotton ginning seasons of 1932-33 and 1933-34 under and by virtue of a written contract entered into between appellant and appellees on the 28th day of July, 1932. Appellant alleged in the complaint that it had complied with all the conditions of the written contract and had been ready and willing at all times to furnish appellees with electrical energy as provided in the contract, but that appellees had failed and refused to use electrical energy in operating their cotton gin for the years 1932-33 and 1933-34 during the ginning seasons.

Appellees filed an answer denying that appellant had complied with the condition of the contract requiring it to connect its power lines with the gin so that electrical energy might be available to them for the operation thereof.

The cause was submitted, and at the conclusion of the evidence the court instructed the jury to return a verdict for appellees, over the objection and exception of appellant, and rendered a judgment upon the verdict dismissing appellant's complaint, from which is this appeal.

The contract sued upon contained the following paragraph:

"The company reserves the right to disconnect electric services from the premises of the consumer upon the conclusion of the ginning season, that is, not later than March 1 of each and every year of the within contract, and agrees to reconnect same on or before September 1 of each and every year of the within contract."

Ben H. Marshall, who was assistant division manager for appellant in 1932, and who was division manager

when called as a witness by appellant, identified the contract as the contract entered into between appellant and appellees, and stated that appellant connected up appellees' gin, and that it was connected up for the seasons 1932-33 and 1933-34, but that the fuses were not put in. The witness then answered the following questions propounded by the court:

"The Court: What do you mean by 'connect'? A. In the contract it says that we agree to connect to the gin building and set our transformers; and these fuses are a protective devise that we remove to protect our transformers and the gin equipment. The Court: Whose duty is it to furnish the fuses? A. We furnish the fuses. The Court: Whose duty is it to take them out and put them back? A. It is the duty of the Arkansas Power & Light Company. The Court: In this case, did you take these fuses and put them in so that the defendant could run his gin under this new contract? A. Not under this contract. The Court: Could he run without the fuses? A. No, sir. The Court: Did you ever furnish the fuses and put them in there so that he could operate his gin? A. No, sir, we did not; we were not requested."

In the course of the trial and before the court instructed a verdict for appellees, the appellant offered to prove that a similar contract to the one sued upon had been entered into between it and appellees on the 3d day of June, 1928, for a five-year period, and that during its life appellees had always requested that fuses be put in before they were put in; and also offered to introduce the contract. These requests were refused over appellant's objection and exception.

Appellant also offered to prove that, under similar contracts with other ginners in the town of McCrory, the custom was for ginners to request that fuses be put in before it put them in. The court refused to allow it to make proof of the custom over the objection and exception of appellant.

Appellant contends that the trial court committed reversible error in excluding the testimony offered.

The old contract had expired, and what the parties did under it would not waive any right they might have

174

under the new contract, even though the provisions in the two independent contracts were similar. This court said in the case of *Southern Coal Company* v. *Searcy,* 152 Ark. 471, 238 S. W. 624: "For the same reason, prior course of conduct between the parties under similar contracts cannot be invoked as a waiver of an express and unambiguous stipulation in the new contract. *Citizens' Nat. Life Ins. Co.* v. *Morris,* 104 Ark. 288, 148 S. W. 1019; *Robnett* v. *Cotton States Life Ins. Co.,* 148 Ark. 199, 230 S. W. 257. Regardless of the prior course of conduct between the parties, they have the right to make their own terms under a new contract, and neither general custom of trade nor the prior course of conduct of the parties themselves can serve to defeat the plain letter of the new contract."

Under the rule announced in that case, the court was correct in refusing to permit appellant to introduce the old contract, or the course of conduct between the parties under it.

The provision in the new contract set out above is unambiguous and imposed the absolute duty upon appellant to connect its electrical energy with the gin on or before September 1 of each and every year, and this could only be done, under the undisputed evidence, by putting in fuses. It reserved the right to make the connection itself and to make it not later than September 1 each year during the life of the contract. There being no ambiguity in the provision of the contract, usage and custom cannot be used to change the plain meaning thereof. This court said in the case above cited:

"It is the settled rule of law in this court that usages and customs of trade cannot be invoked to defeat the express terms of a contract, and that such usages and customs are only applicable where the contract is silent or where its terms are ambiguous."

Under the rule just quoted, the trial court correctly excluded the testimony offered relative to usage and custom.

Appellant, having breached the contract by failing to put in the fuses to effect the connection between the electrical energy and the gin, is not entitled to recover any

sum for electrical energy which was not available for use to appellees in the operation of the gin; therefore the court did not err in dismissing its complaint.

The judgment is affirmed.